li REVERSED AND REMANDED.
 

 In this DWI 3rd prosecution, the State of Louisiana seeks review of the granting of a motion to suppress evidence obtained as a result of a traffic stop. For the following reasons, the suppression is reversed, and the case is remanded for further proceedings.
 

 During the hearing, the state and defense placed the following stipulations on the record:
 

 Stipulation number one, Your Honor, is that the stop which lead to the arrest of the defendant, Mr. Williams, occurred within the city limits or the corporate limits of the town of Benton, Bossier Parish, Louisiana. The stop was initiated by Officer Gaydos, who was a Bossier City police officer at the time. At the time of the stop Officer Gaydos did not have a commission to act as a police officer for the town of Benton, the Louisiana State Police or the Bossier Parish Sheriffs Office. At the time of the stop Mr. Gaydos — Officer |2Gaydos’ only commission was from the Bossier City Police Department. Officer Gaydos did have probable cause to initiate the stop due to the impaired driving of the defendant, Mr. Williams, however, Mr. Gaydos did not have probable cause to believe that a felony crime had been committed outside of his presence or was being committed in his presence. Officer Gaydos was not in the process of hot pursuit from the city limits of Bossier when the stop was initiated. Stipulation number four, Officer Gaydos initiated — after Officer Gaydos initiated the stop Deputy Colgin was basically right down the road, Your Honor, began the D.W.I. investigation which lead to the subsequent arrest of the defendant, Mr. Williams.
 

 The trial court granted the defendant’s motion to suppress on the reasoning that an officer outside of his jurisdiction has no more authority to arrest than a private citizen under La. C. Cr. P. art. 214, which only allows a private person to make an arrest when the person arrested has committed a felony.
 

 In
 
 Brigham City v. Stuart,
 
 547 U.S. 398, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006), the Supreme Court held that law enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury. The Court noted that the warrant requirement was subject to certain exceptions because the “ultimate touchstone” of the Fourth Amendment is “reasonableness.” This reasonableness is, likewise, the foundation of La. C. Cr. P. art. 213, which allows a police officer, without a warrant, to arrest a person when the person has committed an offense in his presence and, when a misdemeanor, the arrest is made immediately or on close pursuit. Furthermore, this reasonableness standard is also evident in La. C. Cr. P. art. 219, which allows a peace officer making a lawful arrest to call upon another person needed to aid him in making the arrest; such a person called upon is considered a peace officer for such purposes. Reasonableness is also the guiding factor in DWI stops, as Supreme Court Justice John Roberts noted in his dissent in
 
 Virginia v. Harris,
 
 — U.S. -, 130 S.Ct. 10, 175 L.Ed.2d 322 (2009), “This UCourt has in fact recognized that the dangers posed by drunk drivers are unique, frequently upholding anti-drunk-driving policies that might be constitutionally problematic in other, less exigent circumstances.”
 
 [1]
 

 
 *264
 
 As expressed in
 
 State of Louisiana v. David Christopher Stapa,
 
 No. 45,773-KW and 45,774-KW (consolidated), the companion case on this same issue, rendered this day, it would be unreasonable to disallow a commissioned, trained police officer, although out of his jurisdiction, who observes a driver operating his vehicle so erratically that it puts the public in imminent danger of harm, to stop a vehicle before it hurts or kills another citizen. We find, that in order to make sure the stop by a commissioned law enforcement officer outside of his jurisdiction is reasonable under the Fourth Amendment, limiting factors must be in place. Therefore, we find that a commissioned law enforcement officer, who is out of the officer’s jurisdiction, may stop a vehicle when:
 

 1) The officer personally observes a driver operating a vehicle in an erratic manner, so as to cause the officer to reasonably believe the driver is impaired and is a danger to the public, and
 

 2) The officer is in a marked vehicle, and
 

 3) The officer gets in contact with an officer having jurisdiction and gets permission to effectuate the stop, and
 

 4) The investigation is conducted by an officer who has jurisdiction.
 

 We reverse the granting of the motion to suppress and remand to the trial court for the court’s determination of whether the action by the officer in this ease comports with the mandates outlined in this opinion.
 

 [1]
 

 . This was a denial of certiorari, therefore Justice Roberts' dissent, which was joined by Justice Scalia, was not in response to a majority who wrote an opinion to the contrary.